UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOPHER M. BOQUET AND SABRINA R. BOQUET** | § § § § § § § § § § § | **CIVIL ACTION NO:** |
| *Plaintiffs* | | |
| v. | | |
| **FOREST RIVER, INC. AND BERRYLAND MOTORS, L.L.C.** | | |
| *Defendant* | | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I. Parties

1. Plaintiffs, **CHRISTOPHER M. BOQUET** and **SABRINA R. BOQUET** now and have been at all times material hereto citizens of the **State of Texas**.

2. Defendant, **FOREST RIVER, INC.**, hereinafter "FOREST RIVER," is a foreign company incorporated and/or headquartered in the **State of Indiana** and whose agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

3. Defendant, **BERRYLAND MOTORS, L.L.C.**, hereinafter "BERRYLAND," is a Louisiana company authorized to do and doing business in the **State of Louisiana** whose agent for service of process is Thomas Fulmer, 42775 Pleasant Ridge Road, Extension, Ponchatoula, Louisiana 70454.

## II. Jurisdiction

4.      The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs are citizens of the State of Texas and the Defendant, FOREST RIVER, is a citizen of the State of Indiana, and the Defendant, BERRYLAND, is a citizen of Louisiana and, therefore, the Parties are all citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  The amount in controversy includes Plaintiffs' claims for damages including a complete rescission of the sale of the subject vehicle which includes the original purchase price, all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages for loss of use, lost wages, if any, non-pecuniary damages, no credit for use by the Defendants under Louisiana law, plus any and all applicable penalties and attorney fees allowed by law.

5.      The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III. Venue

6.      Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants are subject to personal jurisdiction in this district because the contract of sale was signed in Hammond, Louisiana, and there is no other district where the suit may be brought.

## IV. Conditions Precedent

7.      All conditions precedents have been performed or have occurred.

### V.  Facts

#### A.  The Transaction

8. On July 21, 2015, Plaintiffs purchased a new FOREST RIVER FORESTER 3011DSF VIN 1FDXE4FS6FDA33582, hereinafter "FORESTER 3011DSF," from BERRYLAND. The FORESTER 3011DSF was purchased primarily for Plaintiffs' personal use. The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

9. The sales price of the FORESTER 3011DSF was $90,000.00. Plaintiffs seek additional damages in the amount of $26,000.00 for the 130 days of loss of use of the FORESTER 3011DSF, which Plaintiffs calculate at $200 daily rental value multiplied by 130 days. Plaintiffs also seek additional non-pecuniary damages in the amount of $10,000.00. Therefore, Plaintiffs seek total damages in excess of $126,000.00, not including attorney fees, legal interest, and costs.

#### B.  Implied Warranties

10. As a result of the sale of the FORESTER 3011DSF by Defendant to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the FORESTER 3011DSF would pass without objection in the trade under the contract description; and that the FORESTER 3011DSF was fit for the ordinary purpose for which such recreational vehicles are purchased.

11. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

#### C.  Express Warranties

12. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the

FORESTER 3011DSF occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the FORESTER 3011DSF had, in fact, repaired the defects.

13. Plaintiffs' purchase of the FORESTER 3011DSF was accompanied by express warranties offered by Defendant, and extending to Plaintiffs. These warranties were part of the basis of the bargain of Plaintiffs' contract for purchase of the FORESTER 3011DSF.

14. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the 's warranty booklet and owner's manual.

### D. Actionable Conduct

15. In fact, when delivered, the FORESTER 3011DSF was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to: AIR CONDITION DEFECTS; WATER LEAKS; INTERIOR COSMETIC DEFECTS; LEVELING JACK DEFECT; AND EXTERIOR COSMETIC DEFECTS.

16. Since purchase, Plaintiffs have returned their FORESTER 3011DSF to Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant was given the opportunity to repair the FORESTER 3011DSF, the more significant and dangerous conditions were not repaired. Defendant, indirectly or directly through its authorized warranty service dealers, failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the

FORESTER 3011DSF continues to this day to exhibit some or all of the non-conformities described herein.

17. The defects experienced by Plaintiffs with the FORESTER 3011DSF substantially impaired its use, value and safety.

18. Plaintiffs notified Defendant, indirectly or directly through its authorized warranty service dealers, of the defective conditions of the FORESTER 3011DSF on numerous occasions. Plaintiffs notified Defendant, indirectly or directly through its authorized warranty service dealers, that they wanted a rescission of the sale of the FORESTER 3011DSF but Defendant has failed and refused to buy back Plaintiffs' defective FORESTER 3011DSF.

**COUNT 1: VIOLATIONS OF THE LOUISIANA REDHIBITION LAWS**

19. Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

20. The FORESTER 3011DSF is a "thing" under La. Civil Code Articles 2520, et seq.

21. FOREST RIVER is the "final assembler or manufacturer" under La. Civil Code Articles 2520, et seq.

22. Plaintiffs are the "buyers" under in La. Civil Code Articles 2520, et seq.

23. The defects described in the FORESTER 3011DSF vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

24. Plaintiffs have provided the Defendant, indirectly or directly through its authorized warranty service dealers, sufficient opportunity to repair their defective vehicle.

25. Plaintiffs have performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

26. The hidden defects in the FORESTER 3011DSF existed at the time of sale, but were not discovered until after delivery. The FORESTER 3011DSF is not usable and neither Plaintiffs nor a reasonable prudent buyer would have purchased the FORESTER 3011DSF had they known of the defects prior to the sale.

27. Furthermore, Defendant, indirectly or directly through its authorized warranty service dealers, failed to perform the repair work in a good and workmanlike manner. This conduct by Defendant, indirectly or directly through its authorized warranty service dealers, constitutes a breach of the implied warranties under Louisiana law, and entitles Plaintiffs to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out-of-pocket expenses.

28. Under Louisiana Redhibition laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton, L.L.C. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:   BREACH OF EXPRESS WARRANTIES**

29. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

30. The Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' FORESTER 3011DSF or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendant, FOREST RIVER, issued an expressed written warranty which covered the

FORESTER 3011DSF and warranted that the FORESTER 3011DSF was free of defects in materials and work quality at the time of delivery.

31. As alleged above, the Defendant, FOREST RIVER, indirectly or directly through its authorized warranty service dealers, breached its warranties by offering for sale, and selling as safe to Plaintiffs, a FORESTER 3011DSF that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

32. In breach of the foregoing warranties, the Defendant, FOREST RIVER, has failed to correct said defects indirectly or directly through its authorized warranty service dealers.

33. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## VI. Damages

34. The conduct described above has been and is a producing and proximate cause of damages to Plaintiffs.

35. Plaintiffs' damages include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of judicial demand, until paid, and for all costs of these proceedings.

36. The damages Plaintiffs have suffered as a direct and proximate result of Defendants' actions exceed $126,000.00, not including attorney fees, legal interest, and costs.

## VII.   Request for Rescission

37.   Plaintiffs seek the remedy of rescission of the sales contract.

38.   Plaintiffs revoke their acceptance of the FORESTER 3011DSF for the reason that its defects substantially impair its use, value, and safety to Plaintiffs and the acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of the Defendant that the defects in the FORESTER 3011DSF would be repaired, and no reasonable prudent buyer would have purchased the FORESTER 3011DSF with knowledge of these defects prior to the sale. Accordingly, Plaintiffs seek a cancellation of the sales contract and an order of the court restoring to them the money obtained by Defendant as a result of the false representations and breaches of express and implied warranties as set forth above.  Plaintiffs also seek cancellation of the debt and offers to return the FORESTER 3011DSF to the Defendant.

## VIII.   Attorney Fees and Costs

39.   Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail.  As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton, L.L.C.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX.   Prayer for Relief

40.   For these reasons, Plaintiffs pray for judgment against the Defendant for the following:

    a.   For general, special and actual damages according to law;

    b   Rescinding the sale of the 2016 FOREST RIVER FORESTER 3011DSF AND 1FDXE4FS6FDA33582 and returning to Plaintiffs the purchase price

    including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

 c. For incidental, consequential, and non-pecuniary damages according to law;

 d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

 e. Any diminution in value of the FORESTER 3011DSF attributable to the defects;

 f. Past and future economic losses;

 g. No credit of use for the Defendant;

 h. Prejudgment and post-judgment interest;

 i. Attorney fees;

 j. Costs of suit, expert fees and litigation expenses; and

 k. All other relief this Honorable Court deems appropriate.

## X. Demand for Jury Trial

41. Plaintiffs hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *John D. Ray*
Richard C. Dalton, LLC
Louisiana Bar No.
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: john@rickdaltonlaw.com
Tel. (985) 778-2215
Fax: (985) 778-2233

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rick@rickdaltonlaw.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFFS



ATTORNEY FOR PLAINTIFFS